## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| **JACOBY JAWANN FOSTER** | **CIVIL ACTION NO. 5:13-cv-0577** |
| **LA. DOC #256739** | |
| **VS.** | **SECTION P** |
| | **JUDGE TOM STAGG** |
| **CHARLES REX SCOTT, II** | **MAGISTRATE JUDGE MARK L. HORNSBY** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Jacoby Jawann Foster, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 11, 2013. When he filed this complaint he was incarcerated at the Caddo Corrections Center. On April 16, 2013 he advised the Court that he was released from custody and residing at a residential address in Shreveport.[1] In this civil action he sues First Judicial District Attorney Charles Rex Scott, seeking monetary compensation for false arrest and false imprisonment. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §§636, 1915, and 1915A. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

On or about October 14, 2010, plaintiff was arrested and charged with being a felon in possession of a firearm based upon information supplied by a witness.[2] On October 31, 2012, a

---

[1] However, according to the records of the Caddo Parish Corrections Center, he was re-arrested on October 13, 2013 and remains in jail on charges of simple battery and attempted second degree murder. See "Currently Housed Inmates", Caddo Corrections Center, at http://www.caddosheriff.org/inmates/?lastNameChar=F as of November 7, 2013.

[2] *Id.*

preliminary hearing was convened; at that hearing, and under examination by plaintiff's attorney, the State's witness recanted and admitted that he committed perjury in retaliation against plaintiff for the alleged murder of one of his friends. Based upon that testimony, the charges were dismissed and plaintiff was subsequently released from custody.

According to the complaint plaintiff "was wrongfully incarcerated in this matter 2 yrs and 21 days." He seeks monetary compensation of $1000 for each day that he was wrongfully incarcerated and requests punitive damages for mental anguish, pain and suffering.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

*2. Prosecutorial Immunity*

Plaintiff claims that he is entitled to damages for false imprisonment from Caddo Parish District Attorney Charles Rex Scott. His claim for money damages is barred by the doctrine of absolute prosecutorial immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial

proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against District Attorney Scott is based on Scott's conduct as the State's advocate and he is thus entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial); *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003) (Prosecutor who allegedly told witness to falsely implicate plaintiff in a homicide and coached him how to testify was acting as an advocate and not an investigator and therefore was entitled to absolute prosecutorial immunity.)

Plaintiff's complaint, insofar as it seeks money damages from the District Attorney must therefore be dismissed since the defendant is entitled to absolutely immunity from suit.

### *3. Prescription*

It further appears that plaintiff's complaint is prescribed. Plaintiff claims that he was falsely arrested and charged with being a felon in possession of a firearm on October 14, 2010 and that he was thereafter falsely imprisoned on that charge until October 31, 2012 when the charges were dismissed.

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See*, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, <u>begins to run at the time the claimant becomes detained pursuant to legal process.</u>" *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007) (Emphasis supplied). It is unclear whether plaintiff was arrested pursuant to a warrant or not. Under Louisiana law, if a person is arrested pursuant to a warrant, the determination of probable cause and the subsequent detention of the arrestee is made at the time that the warrant is issued. See La. C.Cr.P. art. 202. Persons arrested without a warrant are entitled to a probable cause determination by a Magistrate within 48 hours of their arrest and the failure to afford such a determination results in the immediate release of the arrestee. La. C.Cr.P. art. 230.2. Presumably, and in the absence of any allegations to the contrary, plaintiff was either arrested on a warrant or otherwise afforded a probable cause determination within 48 hours of his

arrest, or no later than October 16, 2010. Plaintiff's false arrest and imprisonment claims thus accrued on that date when the State court determined that there was probable cause to arrest and prosecute the plaintiff on charges of being a felon in possession of a firearm. *Compare Villegas v. Galloway*, 458 Fed. Appx. 334, 338, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued in 2003, when a magistrate judge found probable cause to detain Villegas pending trial.")

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had 1-year, or until October 16, 2011 at the latest, to file his civil rights complaint claiming false arrest/imprisonment in violation of his Fourth and Fourteenth Amendment rights. Plaintiff's complaint was filed on March 11, 2013, well beyond the expiration of the 1-year period of limitations and therefore the complaint would be subject to dismissal as barred by the statute of limitations.[3]

### *Conclusion and Recommendation*

Therefore

---

[3] In the event that plaintiff objects to this Report and Recommendation, he should, in his objection address the issue of prescription and provide a chronology, preferably by way of the minutes of court, to establish that his claim is not time-barred.

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for seeking monetary relief against a defendant who is immune from suit.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Shreveport, Louisiana this 13th day of November, 2013.

Mark L. Hornsby
U.S. Magistrate Judge